## TRANSATLANTICA ITALIANA v. ELTING, Collector of Customs.

### No. 479.

Circuit Court of Appeals, Second Circuit.

July 25, 1933.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & Mc-Grann and Gaspare M. Cusumano, all of New York City (Delbert M. Tibbetts and Joseph F. Luley, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

These appeals are from two judgments for the plaintiff in actions to recover for fines imposed by the Secretary of Labor under section 6 of the Quota Act of 1921, 42 Stat. 5, as added by 42 Stat. 540, for bringing to the port of New York aliens, excludable under the quota. All arrived before July 1, 1924, when section 16 of the Quota Act of 1924 (8

USCA § 216) first took effect. There were 119 aliens involved; 63 in suit No. 479, and 56 in suit No. 480. These may for purposes of convenience be divided into three classes; one, a single alien seeking to enter for business purposes; another, nine aliens claiming to enter as "professional nurses"; the third, 109 aliens, returning from temporary absences abroad. Having overruled Compagnie Francaise v. Elting (C. C. A.) 19 F.(2d) 773, in Cosulich Societa v. Elting, 66 F.(2d) 534, handed down herewith, we hold that a carrier has no absolute privilege of bringing in such aliens, and each case must turn upon its merits. We may throw out at once eleven cases, in which the carrier made no protest against the fine; again, we have given our reasons for this in Royal Mail Steam Packet Co. v. Elting, 66 F.(2d) 516, handed down herewith. These are causes of action numbers 4, 51, 55, 56, 59, 60, 61 and 62 of action No. 479; and 42 and 50 of action No. 480. As to these the judgments are reversed for that reason.

■ The temporary visitor was an Italian seeking to come in to sell musical instruments. For all that the carrier could learn when he embarked, he was apparently being sent by a reputable seller to dispose of its wares in this country. He had documentary evidence from his employer, and we can find no basis for saying that the plaintiff failed in reasonable diligence. This is cause of action No. 7 of action No. 480, as to which the judgment is affirmed.

■ The next class is of putative "professional nurses." The second proviso of section 2 (d) of the Quota Act of 1921 (42 Stat. 6), which excepted them from the quota, is as follows: "Aliens returning from a temporary visit abroad, aliens who are professional actors, artists, lecturers, singers, nurses, ministers of any religious denomination, professors for colleges or seminaries, aliens belonging to any recognized learned profession, or aliens employed as domestic servants." This phrase was lifted from a proviso of section 3 of the Act of 1917 (8 USCA § 136), where it was an exception to the excluded class of contract laborers. Presumably it included here what it included there, and was designed to admit only those who would not compete with protected classes. We need not hold that professional nurses included only "trained" or "registered" nurses; we may arguendo assume that any one was within the class who could in fact get employment here as a nurse, even though in a minor capacity.

Nevertheless, the alien had at least to show that his qualifications were such as made it likely that he could earn his living as a nurse after he came in. There may indeed be places in the United States where "trained" nurses are unknown, but it does not follow that any one can become a professional nurse even there. However varying the standard, the test must be practical; an alien who had got a smattering of knowledge, often gained in the stress of the war, would not qualify unless there was some reasonable chance that he could continue in the exempt classes, could make a livelihood in that way.

■ In cause of action No. 43 of action No. 480, the alien had a certificate of three months' attendance in a nursing school; he had been in a doctor's office, but, so far as appeared, for the most part washed instruments. He knew almost nothing of the duties of a nurse, and was unlikely to be able to get any work as such in this country. He did not qualify as a nurse of any sort. The two aliens in causes of action No. 44 and 45 presented certificates from a school, but admitted on examination that they had never attended and they were imposters. Slight examination would have disclosed the truth.

■ The alien in cause of action No. 46 said that he had been a doctor's nurse; he showed a certificate from a nursing school; he asserted that he meant to be a nurse here. However, he had only the rudiments of instruction in nursing, and whatever his intention, there was the smallest chance that he could practise nursing as a profession in this country. There was even less reason for accepting the alien in cause of action No. 47. His only service had been two years in a hospital; how long before his departure, did not appear.

■ The aliens in causes of action Nos. 48 and 49 were married women, one going to meet her husband, the other coming in with him. They had each had some experience in nursing, but it had been sporadic, and there can be no doubt that they were primarily to be housewives. We are not convinced that their true status could not have been learned by the carrier before it took them. The alien in cause of action No. 51 was a midwife who had a diploma of three years' attendance in a school. She had married and was also coming in with her husband, who had been away from this country three years. We need not say that midwives are not "nurses," for it was at least doubtful that this alien would be a professional nurse of any kind in this

country. The judgment should be reversed as to Nos. 43, 44, 45, 46, 47, 48, 49 and 51 of action 480.

■ There remain the great bulk of the cases, 100 in all, which relate to aliens returning from a temporary visit abroad. They had all been away for over six months, their absences varying from one to eight years. There was therefore a presumption that they had abandoned their domicile. Rule 3, subd. 2 (a), of the Regulations under the Quota Act of 1921. The cases naturally present a great variety of circumstances. Thus an absence of three or four years naturally makes the claim of continued domicile less probable than when it was for less than two. Yet a man might leave this country with the honest intention of coming back soon, and be detained by his own sickness, or that of his wife, children, or parents, always meaning to return. In nearly every case the excuse given was this, and it is apparent that the authorities did not credit it. No doubt they had become sceptical from the very frequency with which it was used; and indeed it was an obvious way to explain what the aliens probably knew would be an objection to their admission. In some cases the story was corroborated by the certificate of a local doctor, but again that was easy to procure. It seems to us that the situation, certainly when the delay was of over a year, was such as exposed the carrier in all but the very plainest cases to the decision of the officials as to the credibility of the aliens' excuses. We cannot say on the bare record that they must have been believed. Generally the evidence was very scanty; a few staccato questions, usually showing a disposition to doubt the truth of favorable answers; the alien ignorant, and at a disadvantage, wishing to get in, and probably ready to answer anything which he thought would effect his purpose. All this does not make a picture in which even justice stands out secure, but from the multitude it is impossible to single more than a very few, where we can say that there was no basis for exclusion. We are forced by the facts and the finality of the official action to accept the decision upon the issue of intent to retain a domicile.

■ It is not clear as an original question that the phrase, "returning from a temporary absence abroad," implies that the alien must have acquired a domicile here, not relinquished during his absence. It is certainly possible to read the language as meaning no more than that the alien had resided here,

meant to come back when he left, and did not change his mind while absent. However the departmental interpretation of the clause under the Quota Act of 1921, § 2 (a), did construe it as implying domicile, and the Act of 1924 repeated the language. This was at least a reasonable interpretation of the language which we are not prepared to disavow. We hold therefore that the returning alien must have been domiciled and retained his domicile. The question which we reserved in Compagnie Francaise v. Elting, handed down herewith, must here be also decided; that is, whether an absence of more than six months is fatal to the privilege, assuming that the alien has acquired and retains his domicile. Again we adopt the departmental regulation, and hold that such an absence is only presumptive in its result.

■ The power of the carrier to anticipate the Secretary's ruling is indeed another matter, though here too we may only review his discretion when plainly abused. If a consul warned the alien upon his visa that he might be refused, certainly the carrier took its chances that he would succeed before the Board, where he had originally raised doubts, to say the least. We have taken this as conclusive, except in one case where a member of the Board voted to admit. In other cases it was in the nature of things a guess how far the alien could satisfy the authorities by word of mouth that he had intended to come back shortly, and had not later abandoned his domicile; it was a hazard inherent in accepting aliens who had overstayed their time, and who would be faced with the presumption. No two persons can go over these records and reach the same result; there will be at least an appearance of inconsistency in the rulings in different cases. If the testimony were accepted as it reads, nearly all were admissible; nearly all would have told the carrier stories that were good enough. But it was not justified in accepting them at their face, else escape would be easy from the penalties. Moreover, the officials might use the impressions they got of the aliens, not only in excluding them, but in imposing the fine. Thus, when all is said, there is little room for the interposition of a court, and we have interposed very little. We add in an appendix a summary of the more salient facts which appeared, often the only important ones; it serves to indicate very roughly the bases of our decision.

We conclude that the judgment in action No. 479 should be affirmed only as to causes

of action Nos. 2, 5, 7, 8, 15 and 18; and in action No. 480, as to Nos. 7, 8, 29, and 54. As to the rest both are reversed.

## APPENDIX.

### Action No. 479.

Cause of Action.

**No. 1.** Absent three years five months. In United States fourteen years. Wife in Italy; only property in Italy.
Reversed.

**No. 2.** Absent one year five months. In United States seventeen years; wife and family in Italy; went to take care of old mother; meant to bring family here; overstayed six months because of wife's sickness; owned property in New Jersey.
Affirmed.

**No. 3.** Absent four years, falsely stated as two. In United States fifteen years, with absence of two. Wife and children in Italy; wife sick for four years; little property here.
Reversed.

**No. 5.** Absent one year five months. In United States nine years. Took wife to Italy with him; had property and business in both countries; delayed by sickness.
Affirmed.

**No. 6.** Absent one year two months. In United States two years. Went to bring wife in Italy; delayed because she was sick.
Reversed.

**No. 7.** Absent one year five months. In United States fourteen years. Took wife with him to visit and was sick for year with malaria.
Affirmed.

**No. 8.** Absent one year two months. In United States eighteen years. Wife in Italy; took out passport within five months, but could not get passage.
Affirmed.

**No. 9.** Absent two years three months. In United States nine years. Went to divide property of father; delayed because of wife's sickness; warned by visa.
Reversed.

**No. 10.** Absent four years. In United States seven years. Said to have been sick, and sick when he left.
Reversed.

**No. 11.** Absent two years seven months. In United States eleven years. Went back to see mother; married while in Italy; malaria lasting thirteen months. Warned on visa.
Reversed.

**No. 12.** Absent one year five months. In United States nine years. Wife and three children in Italy; said he was sick ten months. Warned on visa.
Reversed.

**No. 13.** Absent three years one month. In United States thirteen years. Wife in Italy; said wife died and he became sick. Warned on visa.
Reversed.

**No. 14.** Absent one year six months. In United States three and a half years. Went to get property; said he was taken sick. Warned on visa.
Reversed.

**No. 15.** Absent one year four months. In United States nine years. Had declared intention to become citizen. Went to get married, but sick for eleven months. Warned on visa, but one member of Board voted to admit.
Affirmed.

**No. 16.** Absent two years. In United States one year. Served in Italian army, and so prevented from return. Discharge tampered with.
Reversed.

**No. 17.** Absent one year and eight months. In United States two and a half years. Testified falsely as to declaration of intention, though one member of Board moved to admit.
Reversed.

**No. 18.** Absent two years three months. In United States eight and a half years. Wife in Italy, whom he left to marry; one member voted to admit. Stayed over to get money from bank which failed.
Affirmed.

**No. 19.** Absent one year eleven months. In United States six years. Married in Italy and left wife. Had been absent before for four years.
Reversed.

**No. 20.** Absent one year eleven months. In United States eight years. Visa at "own risk." Contracted malaria and delayed. Left with wife, because both sick.
Reversed.

**No. 21.** Absent two years eight months. In United States seven years. Went to Italy because sick. Served in army but delayed for eleven months to return; delayed by failure to get visa.
Reversed.

**No. 22.** Absent two years five months. In United States thirteen years. Warned on visa. Left to marry. Had declared intention, but delayed return because of sickness and lack of funds.
Reversed.

**No. 23.** Absent one year four months. In United States seven years, with two absences of seven years; part due to service in army. Warned. Did not return because sick.
Reversed.

**No. 24.** Absent three years four months. In United States seven years. Wife and children in Italy. Delayed for sickness.
Reversed.

**No. 25.** Absent one year eleven months. In United States four years. Delayed by sickness. Wife and children in Italy, but could not get accommodations for them.
Reversed.

**No. 26.** Absent two years six months. In United States eight years. Warned. Went to get married and delayed by sickness. Wife in Italy.
Reversed.

**No. 27.** Absent three years five months. In United States nine years, with interval of five. Warned. Wife in Italy, whose sickness delayed him.
Reversed.

**No. 28.** Absent three years nine months. In United States eight years. Wife in United States. Detained by sickness on doctor's advice.
Reversed.

**No. 29.** Absent two years three months. In United States one year. Went to get married. Delayed by sickness. One member moved to admit.
Reversed.

**No. 30.** Same facts as in No. 29.
Reversed.

**No. 31.** Absent one year eight months. In United States eight years. Went to get married; could not get

passage for wife; sold land in Italy. Out of work before leaving; consul paid passage.

Reversed.

**No. 32.** Absent one year ten months. In United States six years with intermediate absence of five. Went to get married. Fell sick and was delayed.

Reversed.

**No. 33.** Absent one year nine months. In United States one year. Delayed because had to wait for division of mother's estate.

Reversed.

**No. 34.** Absent one year eleven months. In United States eight years. Delayed because father was sick for a year.

Reversed.

**No. 35.** Absent four years two months. In United States thirteen years. Delayed because of father's sickness.

Reversed.

**No. 36.** Absent three years two months. In United States fourteen years. Delayed because of father's sickness. Wife in Italy. Warned.

Reversed.

**No. 37.** Absent one year eight months. In United States nine years with two intermediate absences aggregating nine years. Went to visit parents and was detained by sickness.

Reversed.

**No. 38.** Absent four years two months. In United States thirteen years with one absence. Wife and children in Italy.

Reversed.

**No. 39.** Absent one year eleven months. In United States six years, with absence of five. Warned. Wife and children in Italy. Went on visit and said that he thought he could always get back.

Reversed.

**No. 40.** Absent two years eight months. In United States six years. Warned. Went to marry; fell sick. Did not recover till time he left. Wife and child in Italy.

Reversed.

**No. 41.** Absent two years five months. In United States ten years. Went to get wife and child; delayed by quota and sickness. Sold property in United States before leaving. Had property in Italy.

Reversed.

**No. 42.** Absent two years six months. In United States sixteen years. Warned. Declared intention to become citizen. Sick; married; sick. Half interest in business here. One member voted to admit.

Reversed.

**No. 43.** Absent three years ten months. In United States seven years. Warned.

Reversed.

**No. 44.** Absent one year eight months. In United States thirteen years, with an absence of four while in army. Took wife and children with him. Went because father died. Sick. Property in Italy.

Reversed.

**No. 45.** Absent one year five months. In United States six years. Sick for a year and so delayed. Married in Italy; wife there.

Reversed.

**No. 46.** Absent one year seven months. In United States seven years. Warned.

Reversed.

**No. 47.** Absent two years five months. In United States eight years with two ab-

sences. Warned. De-layed because sick.
Reversed.

No. 48. Absent one year nine months. In United States seven years. Warned. Wife illiterate and inadmissible. House in Italy.
Reversed.

No. 49. Absent two years five months. In United States seven years. Wife in Italy. Delayed by sickness.
Reversed.

No. 50. Absent four years. In United States seven years. Warned. Sent wife and children to Italy. Went there because they were sick. Had business here.
Reversed.

No. 52. Absent one year nine months. In United States eight years with intermediate absence of two. Warned. Left to bring family and fell sick. Had tried to return five months before. The Board was apparently influenced by a rumor that the alien was a criminal.
Reversed.

No. 53. Absent two years eleven months. In United States seven years. Went to Italy because of health. Wife and child there.
Reversed.

No. 54. Absent one year three months. In United States eight years. Warned. Delayed by settlement of father's estate.
Reversed.

No. 58. Absent one year nine months. In United States one year. Warned. Wife in Italy. This man was a seaman and the lawfulness of his entry was in dispute. We do not decide upon that question.
Reversed.

No. 63. Absent one year eight months. In United States

three years with absence of six years. Went for operation, and had taken passport six months before.
Reversed.

Action No. 480.

No. 1. Absent two years eleven months. In United States fifteen years. Interest in store in New York and bank account, but also 100,000 lire in Italy. Delayed by settlement of father's estate. Wife in Italy.
Reversed.

No. 2. Absent three years eleven months. In United States six years. Delayed by wife's sickness.
Reversed.

No. 3. Absent two years seven months. In United States ten years. Warned. Delayed because mother sick.
Reversed.

No. 4. Absent one year one month. In United States two years. Left for sickness and delayed. Wife in Italy. Attempted return two months earlier.
Reversed.

No. 5. Absent four years four months. In United States five and a half years. Left to divide estate. Testified falsely.
Reversed.

No. 6. Absent two years. In United States six years. Went to rest and divide inheritance. Death of wife delayed return. Took $500 with him and had 35,000 lire in Italy.
Reversed.

No. 8. Absent one year one month. In United States sixteen years with one absence of a year. Evidence that he tried to return four months earlier.
Affirmed.

**No. 9.** Absent one year seven months. In United States one and a half years. Declared intention. Warned. Wife and children in Italy.
Reversed.

**No. 10.** Absent two years nine months. In United States twelve years. Declared intention. Slight excuse for delay.
Reversed.

**No. 11.** Absent two years nine months. In United States one year. Left with sick sister. Wife and daughter in Italy.
Reversed.

**No. 12.** Absent one year four months. In United States one year eight months. Warned. Left because daughter injured.
Reversed.

**No. 13.** Absent two years six months. In United States four years with absence of four in army. Warned. Delayed by father's sickness. Wife in Italy.
Reversed.

**No. 14.** Absent two years five months. In United States seven years. Warned. Denied naturalization. Delayed by sickness of mother.
Reversed.

**No. 15.** Absent two years one month. In United States eleven years. Warned. Went to get inheritance. Wife and four children in Italy.
Reversed.

**No. 16.** Absent two years seven months. In United States five years. Declared intention. Wife broke her leg. Delayed because of quota.
Reversed.

**No. 17.** Absent one year eight months. In United States four years with an absence of ten. Served in army. Warned. Delayed by wife's sickness.
Reversed.

**No. 18.** Absent one year seven months. In United States three years. No excuse for delay.
Reversed.

**No. 19.** Absent five years two months. In United States sixteen years. Left with children for Italy when wife died. Remarried and had tried to get back.
Reversed.

**No. 20.** Absent three years four months. In United States nine years. Delayed by sickness. Wife and child in Italy.
Reversed.

**No. 21.** Absent two years ten months. In United States twenty years with absence of one year. Warned. Had taken family back to Italy. Slight excuse.
Reversed.

**No. 22.** Absent four years six months. In United States six years. Could not get accommodations on ship. Wife and children in Italy.
Reversed.

**No. 23.** Absent two years ten months. In United States two years. This man was a sailor who entered by desertion.
Reversed.

**No. 24.** Absent three years eleven months. In United States ten years. Declared intention. Left because father died, delayed to care for mother. Wife and child in Italy.
Reversed.

**No. 25.** Absent three years eleven months. In United States eleven years. Wife and child left United States with him because she was sick. Wife died two

months before he came back. Children in Italy.
Reversed.

No. 26. Absent four years ten months. In United States thirteen years. Owned property in United States but did not explain long absence.
Reversed.

No. 27. Absent two years seven months. In United States eight years. Wife and children in Italy. Left to see them. Father sick and alien sick.
Reversed.

No. 28. Absent two years seven months. In United States nine years. Wife and children in Italy. Delayed because they were sick.
Reversed.

No. 29. Absent one year six months. In United States twelve years. Wife and three children in Italy. Left motorcar here. Delayed by sickness. One member of Board voted to admit.
Affirmed.

No. 30. Absent two years eleven months. In United States eight years with absence of five. Delayed by wife's illness. House in Italy.
Reversed.

No. 31. Absent two years eleven months. In United States eight years, with two absences, one of five years. Delayed by illness.
Reversed.

No. 32. Absent three years eight months. In United States nine years, with one absence of five. Declared intention. Went to get inheritance. Wife and three children in Italy. Wife sick and daughter died. Often applied for return without success.
Reversed.

No. 33. Absent two years seven months. In United States

six years with one absence of six. Left to see sick wife, who had two operations. Left tools in United States.
Reversed.

No. 34. Absent two years ten months. In United States five years with one absence of four in army. Declared intention. Daughter died.
Reversed.

No. 35. Absent four years ten months. In United States six years. Wife and children in Italy. Applied repeatedly to bring them here but was refused.
Reversed.

No. 36. Absent three years. In United States twelve years. Wife and three children in Italy. Delayed by sickness. Difficulty in getting passport.
Reversed.

No. 37. Absent three years five months. In United States fifteen years. Declared intention. Left to visit sick father and wife. Father and three children died.
Reversed.

No. 38. Absent three years nine months. In United States nine years. Served in army, and delayed by action of army authorities. Wife and child in Italy.
Reversed.

No. 39. Absent two years eleven months. In United States ten years. Left on visit. Delayed from difficulties of getting passage.
Reversed.

No. 40. Absent two years ten months. In United States four years with absence of four years. Wife and three children in Italy. Reasons for delay do not appear.
Reversed.

No. 41. Absent one year six months. In United States about two years. Warned. Wife and two children in Italy.

Reversed.

No. 52. Absent two years seven months. In United States fourteen years. Warned. Delayed by sickness; then married.

Reversed.

No. 53. Absent eight years. In United States two years. Children falsely testified here that she had lived in United States ten years and been absent ten months. Carrier relied on fact that alien was mother of citizen.

Reversed.

No. 54. Absent one year three months. In United States seven years. Declared intention just before leaving. Married, delayed by sickness, trachoma not discoverable.

Affirmed.

No. 55. Absent one year. In United States six years with absence of six years; three in army; three unexplained. Delayed by wife's sickness. Wife and three children in Italy.

Reversed.

No. 56. Absent three years five months. In United States nineteen years. Warned. Woman with three children; husband died in Italy. Two children born in United States.

Reversed.