## HAMBURG–AMERICAN LINE v. ELTING, Collector of Customs.

### No. 198.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

John M. Lyons, of New York City, and Roger O'Donnell, of Washington, D. C., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Frieda Dusowitz, the 3 year old alien involved in this case, arrived at the port of New York on September 7, 1925, accompanied by her parents. The father had been previously admitted to the United States for permanent residence and was returning from a temporary visit to Europe made for the purpose of bringing over his family. The father and three minor children were admitted, but the daughter Frieda was excluded by the Board of Special Inquiry because the medical officers at Ellis Island certified that she was afflicted with favus of the scalp, a loathsome contagious disease, which might have been detected by a competent medical examination at the foreign port of embarkation; and her mother was excluded as an accompanying alien. Before deportation was effected, the father requested that his daughter be admitted to hospital treatment. Despite the fact that a supplemental medical certificate stated that the disease was one not easily curable, the Secretary of Labor on September 22, 1925, granted the request for hospital treatment and authorized the child's admission if and when cured. The mother was granted temporary admission for six months. On February 8, 1926, the child was discharged from the hospital as cured and was admitted to the United States.

In the meantime, on December 4, 1925, the plaintiff was notified of the proposed imposition of fines under section 26 of the Immigration Act of 1924 (8 USCA § 145) for bringing in the child and her mother. In its

protest, the plaintiff claimed a refund of the proposed $250 fine with respect to the mother and of the passage money for both mother and child, stating:

"We waive defense only as to the $1,000 penalty on account of favus. The child is being treated and will, presumably, be admitted, whereupon we should receive refund of $33.12 passage money."

Thereafter, on February 23, 1926, the Secretary of Labor remitted the fine as to the mother and the passage money as to both aliens, and imposed a $1,000 fine with respect to the child. To recover this sum, the present suit was brought in 1932, resulting in a judgment for the plaintiff.

This court held in Lloyd Sabaudo Societa v. Elting, 55 F.(2d) 1048, reversed in part on other grounds in 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341, that it was unlawful to impose a fine for bringing to this country a diseased alien who was admitted by the Secretary of Labor pursuant to section 22 of the Act of February 5, 1917 (8 USCA § 159). The appellant argues that it is a condition precedent to admission under that section that the alien's disorder be easily curable, and that in the case at bar the medical officers certified that the disease with which the alien child was afflicted was not easily curable. But the determination of that fact rests with the Secretary. Unless the contrary is inescapable, it must be presumed that he determined conditions to exist which would render lawful rather than unlawful his act in admitting the alien. Navigazione Generale Italiana v. Elting (C. C. A.) 74 F.(2d) 241, Cosulich Societa, etc., v. Elting (C. C. A.) 74 F.(2d) 240, both handed down December 10, 1934. Nothing in Lamport & Holt, Ltd., v. Elting (C. C. A.) 74 F.(2d) 238, handed down on the same day, is to the contrary; there the alien's admission was unlawful because the father had never before been admitted to the United States, and hence section 22 of the Act of 1917 (8 USCA § 159) did not apply.

Although the fine was illegally imposed, nevertheless the plaintiff's case is subject to a fatal defect because in the protest to the proposed imposition of it all defense was waived. That certainly meant that the payment demanded was voluntarily made. All the relief the shipowner asked was accorded by the Secretary. As all suits of this character rest on the principle of recovering money paid under duress, there can be no recovery where the payment is voluntary. Royal Mail Steam Packet Co. v. Elting, 66 F.(2d) 516 (C. C. A. 2); Transatlantica Italiana v. Elting, 66 F.(2d) 542 (C. C. A. 2).

Judgment is reversed, and the cause remanded.