**COMPAGNIE GENERALE TRANSATLANTIQUE v. ELTING, Collector of Customs.**

**No. 263.**

Circuit Court of Appeals, Second Circuit.

March 11, 1935.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellant.

John M. Lyons, of New York City (Roger O'Donnell, of Washington, D. C., of counsel), for plaintiff-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from a judgment for the plaintiff upon the second and third causes of action.

The second cause of action was to recover a fine imposed by the Secretary of Labor under section 9 of the Immigration Act of 1917, as amended by section 26 of the Immigration Act of 1924 (8 USCA § 145), because the plaintiff steamship company brought to the United States an alien afflicted with trachoma, a dangerous contagious disease, the existence of which the Secretary found could have been detected by a competent medical examination at the time of embarkation.

The alien was the 17 year old daughter of a naturalized citizen of the United States. Under section 22 of the Immigration Act of 1917 (8 USCA § 159), she was granted hospital treatment and ordered admitted to the United States as and when cured. She remained in the hospital under treatment for nearly a year and, having been cured, was admitted to the country.

The Secretary of Labor imposed a fine of $1,000 upon the plaintiff, but did not require a refund of the passage money. When the usual sixty-day notice of a hearing before the Secretary was given to the plaintiff that it might show cause why the fine should not be assessed, plaintiff notified the Commissioner of Immigration in writing that it waived "the submission of a defense as to the penalty of $1,000." Fol. 170. After the fine was paid, the transportation company sued to recover it back and alleged in the second cause of action herein that it was paid under duress in order to obtain the clearance of the vessel. This claim, and indeed any claim of a right to recover the fine, was nullified by the waiver we have mentioned. Nevertheless the District Judge held that the fine was not lawfully imposed, and directed a verdict that the plaintiff was entitled to have it refunded. In view of the fact that the fine was paid after the foregoing waiver, no recovery can be had because the payment was voluntary. Hamburg-American Line v. Elting (C. C. A.) 74 F.(2d) 747, decided January 7, 1935.

The contention that the waiver was only directed to detectability of trachoma at the time of embarkation and not to the claim that the fine of $1,000 and the return of the passage money were not divisible, or to the claim that the Secretary exceeded his authority in admitting the alien in 1929, is without merit.

██ We have recently held in a series of decisions that a fine and return of the passage money are divisible. We must accordingly regard the contention that a fine cannot be separately imposed in cases where a return of the passage money is not ordered as without foundation.

██ The government contends that the provision of section 22 of the Immigration Act of 1917 for admission of the minor children of persons, who have been naturalized or have taken up their permanent residence in this country, in cases where it shall be determined that the disorders with which they are affected are "easily curable," does not apply to trachoma. The physicians at Ellis Island certified that the disease of the alien mentioned in the second cause of action was not "easily curable," and in a letter of the Commissioner of Immigration to a third party the Commissioner himself said that "trachoma is not easily curable." This proof is thought to indicate that the alien child was admitted without legal justification and through a violation of duty on the part of a public official. But the statute (section 22) empowers the Secretary to determine whether the disease was "easily curable," and, in our opinion, extraneous statements ought not to override the official acts that evidenced the exercise of discretion in admitting the alien. It would seem intolerable for the government to fine a transportation company for bringing in an alien whom it has admitted and then to refuse to remit the fine on the ground that the admission was unlawful. We certainly prefer to believe that the officials did their duty. Nor did a desire not to inflict great hardship upon the alien necessarily show a violation of official obligation.

In spite, however, of the fact that a right of recovery would have existed had there been no waiver of defenses to the imposition of the fine, the claim asserted in the second cause of action is completely barred by the waiver. Hamburg-American Line v. Elting (C. C. A.) 74 F.(2d) 747, decided January 7, 1935. Accordingly, the judgment that the plaintiff recover the fine of $1,000 in the second cause of action must be reversed.

██ The third cause of action involved a child of 15 years who was the son of a naturalized American citizen. On arrival from Havre on the steamship France, he was found to be afflicted with trachoma. The physicians at Ellis Island certified that trachoma was a dangerous contagious disease not easily curable, and that its existence might have been detected by competent medical examination at the port of embarkation. The alien was allowed hospitalization under section 22 of the Immigration Act of 1917 and was finally cured and admitted to the country. The plaintiff was fined $1,000, but the return passage money was not exacted. At the hearing before the Secretary the transportation company claimed that the alien had been examined by a physician at Bucharest before his immigration visa was issued by the United States consul and by a physician of the steamship line before sailing, and found to be free from trachoma, but the particulars of neither examination were furnished. The mother of the alien swore that he contracted trachoma on the ship.

Under the foregoing circumstances the Secretary refused to remit the fine, whereupon this action was brought and the District Judge directed a verdict that the plaintiff recover the fine.

██ We adhere to our decision in Hamburg-American Line v. Elting (C. C. A.) 74 F.(2d) 747, decided January 7, 1935, that the Secretary's action in admitting the alien under section 22 is presumably lawful. Accordingly there was an abuse of discretion in declining to order a refund of the fine, and this the court below properly held when it directed a verdict for the plaintiff upon the third cause of action.

Judgment reversed as to the second cause of action and affirmed as to the third.