HAMBURG-AMERICAN LINE *v.* UNITED STATES.

No. 343. Argued February 7, 1934.—Decided March 5, 1934.

*Mr. Roger O'Donnell,* with whom *Messrs. Wm. J. Peters* and *Lambert O'Donnell* were on the brief, for petitioner.

*Mr. J. W. Morris* argued the cause, and *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. Paul A. Sweeney* and *H. Brian Holland* filed a brief, for the United States.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Philip O'Reilly, a native of Ireland and resident in the United States, returned in October, 1928, on plaintiff's vessel, from a temporary visit abroad. He had neither an unexpired immigration visa nor a permit to reënter. On his arrival, the immigration officers ordered his exclusion, but he was eventually admitted by the Secretary of Labor. Later, the Secretary of Labor fined the plaintiff in the sum of $1000 for bringing the alien to the United States. Having paid under protest, plaintiff brought this action to recover the amount of the fine upon the ground that it was illegally imposed. Judgment dismissing the complaint on the pleadings was affirmed by the Circuit Court of Appeals. 65 F. (2d) 369. This Court granted certiorari, in view of the conflicting ruling in the Ninth Circuit. *Rederiaktiebolaget Nordstjernen* v. *United States,* 61 F. (2d) 808.

The fine was imposed under § 16 of the Immigration Act of 1924, 43 Stat. 153, 163; 8 U.S.C. 216.[1] The provision is explicit and the case falls directly within its terms. The section makes it unlawful for a transportation com-

---

[1] This section provides:

"Sec. 16. (a) It shall be unlawful for any person, including any transportation company, or the owner, master, agent, charterer, or consignee of any vessel, to bring to the United States by water from any place outside thereof (other than foreign contiguous territory) (1) any immigrant who does not have an unexpired immigration visa,

pany to bring to the United States "any immigrant who does not have an unexpired visa." The alien was a "non-quota immigrant" within the definition of the statute. *Id.*, § 4 (b), 8 U.S.C. 204 (b). If it appears to the satisfaction of the Secretary of Labor that "any immigrant has been so brought," the transportation company must pay to the collector of customs the sum of $1000, and in addition, for the benefit of the immigrant, an amount equal to that paid for his transportation. Section 16 further provides that "such sums shall not be remitted or refunded" unless the Secretary of Labor is satisfied that it could not have been ascertained, with reasonable diligence, that the person so transported was an immigrant.

Plaintiff insists that the admission of the alien took the case out of the statute. Section 16 makes no such excep-

---

or (2) any quota immigrant having an immigration visa the visa in which specifies him as a non-quota immigrant.

"(b) If it appears to the satisfaction of the Secretary of Labor that any immigrant has been so brought, such person, or transportation company, or the master, agent, owner, charterer, or consignee of any such vessel, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each immigrant so brought, and in addition a sum equal to that paid by such immigrant for his transportation from the initial point of departure, indicated in his ticket, to the port of arrival, such latter sum to be delivered by the collector of customs to the immigrant on whose account assessed. . . .

"(c) Such sums shall not be remitted or refunded, unless it appears to the satisfaction of the Secretary of Labor that such person, and the owner, master, agent, charterer, and consignee of the vessel, prior to the departure of the vessel from the last port outside the United States, did not know, and could not have ascertained by the exercise of reasonable diligence, (1) that the individual transported was an immigrant, if the fine was imposed for bringing an immigrant without an unexpired immigration visa, or (2) that the individual transported was a quota immigrant, if the fine was imposed for bringing a quota immigrant the visa in whose immigration visa specified him as being a non-quota immigrant."

tion. But plaintiff invokes § 13 of the Act of 1924 (*Id.*, 8 U.S.C. 213)[2] which, after providing generally in sub-division (a) for the exclusion of an immigrant who is without an unexpired immigration visa, creates a particular exception in sub-division (b) to meet the case of immigrants " who have been legally admitted to the United States and who depart therefrom temporarily." Immigrants of that sort may be admitted to the United States " without being required to obtain an immigration visa." The exception is limited. It applies only " in such classes of cases and under such conditions as may be by regulations prescribed." Acting under this authority, regulations were prescribed, which provided for the admission of such im-

---

[2] Section 13 contains the following provisions:

" Sec. 13. (a) No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa or was born subsequent to the issuance of the immigration visa of the accompanying parent, (2) is of the nationality specified in the visa in the immigration visa, (3) is a non-quota immigrant if specified in the visa in the immigration visa as such, and (4) is otherwise admissible under the immigration laws.

"(b) In such classes of cases and under such conditions as may be by regulations prescribed immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted to the United States without being required to obtain an immigration visa.

.        .        .        .

"(d) The Secretary of Labor may admit to the United States any otherwise admissible immigrant not admissible under clause (2) or (3) of subdivision (a) of this section, if satisfied that such inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, such immigrant prior to the departure of the vessel from the last port outside the United States and outside foreign contiguous territory, or, in the case of an immigrant coming from foreign contiguous territory, prior to the application of the immigrant for admission.

.        .        .        .

"(f) Nothing in this section shall authorize the remission or refunding of a fine, liability to which has accrued under section 16."

migrants without an immigration visa, but only in case they obtained a permit to reënter under the provisions of § 10 of the Act of 1924. *Id.*, 8 U.S.C. 210.[3] In authorizing such permits the evident purpose of § 10 was to enable aliens who were domiciled here and contemplated a temporary absence, to equip themselves with evidence which would identify them and facilitate their reëntry. They could thus avoid the trouble and delay incident to the procuring of an immigration visa from a consulate abroad.[4] The permit is *prima facie* evidence of the fact that the alien is returning from a temporary visit. The regulations prescribed under § 10 and § 13 (b) except

[3] Section 10 provides:

" Sec. 10. (a) Any alien about to depart temporarily from the United States may make application to the Commissioner General for a permit to reënter the United States, stating the length of his intended absence, and the reasons therefor. Such application shall be made under oath, and shall be in such form and contain such information as may be by regulations prescribed, and shall be accompanied by two copies of the applicant's photograph.

"(b) If the Commissioner General finds that the alien has been legally admitted to the United States, and that the application is made in good faith, he shall, with the approval of the Secretary of Labor, issue the permit, specifying therein the length of time, not exceeding one year, during which it shall be valid. The permit shall be in such form as shall be by regulations prescribed and shall have permanently attached thereto the photograph of the alien to whom issued, together with such other matter as may be deemed necessary for the complete identification of the alien.

"(c) On good cause shown the validity of the permit may be extended for such period or periods, not exceeding six months each, and under such conditions, as shall be by regulations prescribed.

.        .        .        .        .

"(f) A permit issued under this section shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad; but nothing in this section shall be construed as making such permit the exclusive means of establishing that the alien is so returning."

[4] See House Report No. 350, 68th Cong., 1st Sess., p. 18.

aliens who have such permits from the requirement that an immigration visa must be obtained. See Immigration Rules of March 1, 1927; Rule 3, Subdiv. F, Pars. 1, 3; Subdiv. I, Par. 2. Valid permits may be presented " in lieu of immigration visas." Executive Order No. 4813 of February 21, 1928.

These provisions should be read in connection with § 16. And as they make the possession of a permit to reënter the equivalent of an unexpired visa, the permit should be taken to stand in place of the visa required by § 16. In this view, where the returning alien has the prescribed permit, no fine can be imposed. This conclusion, however, gives no aid to plaintiff as the alien in the instant case had neither visa nor permit. We are unable to agree with the contention that where a permit will suffice, § 16 must be regarded as having no application. As we have said, we think the proper construction of § 16, taken with § 13, is that the permit is merely a substitute for the visa and satisfies the requirement.

Plaintiff's argument that under § 13 a discretion is vested in the Secretary of Labor to admit the returning alien, and that the exercise of that discretion in his favor tolls the fine, is met by the provision of sub-division (f) of § 13: "Nothing in this section shall authorize the remission or refunding of a fine, liability to which has accrued under § 16." Plaintiff urges that if the alien is admitted, no liability for the fine can be said to have "*accrued.*" But § 16 does not make the liability turn upon the admissibility or admission of the alien. Whatever may have been the effect of prior statutory provisions, § 16 of the Act of 1924 makes it clear that the occasion for the fine is the bringing in of the alien without an unexpired visa or that which is prescribed as an equivalent. The question whether the Secretary of Labor had authority to admit the alien in this instance need not be considered, for if it were assumed that the Secretary under

§ 13 could admit the alien in his discretion, the fine would still stand. We agree with the Circuit Court of Appeals in the view that § 13 (f) "preserves the fine against any discretionary admission."

Equally unavailing is the plea that the fine, as prescribed, is indivisible, and hence that no fine whatever can be imposed where the alien is admitted and the transportation company, for that reason, has not been required to return the passage money. It is true that the requirement of the payment of the passage money is for the benefit of the alien and the reason for that part of the penalty disappears on the alien's admission. But although admission in certain cases is contemplated by § 13, liability to fine under § 16 is none the less maintained. We think it follows that, in a case of admission, the fine of $1000 can legally be imposed without requiring payment of the passage money and the fact that the latter has not been required gives plaintiff no ground for complaint.

Plaintiff was charged with knowledge of the statute and brought in the alien in violation of its provisions. Compare *Elting* v. *North German Lloyd*, 287 U.S. 324, 328, 329. The judgment is

*Affirmed.*