**HAMBURG–AMERICAN LINE v. ELTING, Collector of Customs.**

**No. 29.**

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1934.

SWAN, Circuit Judge, dissenting.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

John M. Lyons, of New York City, and Roger O'Donnell, of Washington, D. C., for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The appellee sued the appellant, collector of customs, to recover a $1,000 fine, imposed on it by the Secretary of Labor because it transported to the United States an immigrant not in possession of an immigration visa. The alien, a German, embarked at Hamburg October 14, 1926, without having in his possession either an immigration visa or a re-entry permit. He did have a letter from the Commissioner General of Immigration, dated August 19, 1926, stating that a re-entry permit had been issued to him on May 4, 1926, and had been mailed to his home in New Jersey. The alien had applied April 13, 1926, for a re-entry permit, and, without receiving it, left the United States May 5, 1926, returning October 28th, at which time the permit could not be found. The alien was detained on Ellis Island until December 4, 1926. It is said that a thorough search was made for the permit. He was excluded from admission by the board of special inquiry pursuant to section 13(a)(1) of the 1924 Immigration Act (8 USC § 213 (a) (1), 8 USCA § 213(a)(1), because he had neither his re-entry permit nor an immigration visa. An appeal to the Secretary of Labor resulted in an affirmance. However, his deportation was stayed until December 15th. The case was reopened for the purpose of permitting the alien to identify himself as the

person who had applied for the permit. At the rehearing on November 20, 1926, he satisfied the board of special inquiry that he was the person who made the application for re-entry. Again the board excluded the alien, but, on December 1, 1926, his appeal was sustained, and he was admitted by the Secretary of Labor under section 13(b) of the 1924 Immigration Act (8 USCA § 213 (b).

The appellee was afforded an opportunity to present its defenses to the fine imposed under section 16 of the Immigration Act of 1924 (8 USC § 216 [8 USCA § 216]), and protested against the imposition of the fine, alleging that the re-entry permit had been issued and possibly lost, but that the alien had a letter showing that it had in fact been issued to him. The question presented on this appeal is whether that constituted a defense which should have been accepted by the Secretary of Labor.

██ The Secretary of Labor may impose a fine against a steamship line which unlawfully brings into the United States an alien who does not have an unexpired immigration visa. 8 USC § 216(a), 8 USCA § 216(a). This fine is to be paid to the collector of customs when imposed. 8 USC § 216(b), 8 USCA § 216(b). An unexpired re-entry permit is the equivalent of an immigration visa as referred to in section 16. Hamburg-American Line v. United States, 291 U. S. 420, 54 S. Ct. 491, 78 L. Ed. 887.

██ ██ Must the immigrant have his visa or re-entry permit in his possession to present to the immigration officials upon his arrival, or is it sufficient to show merely that a re-entry permit had been issued to him? Is a letter from the Commissioner General of Immigration stating that such permit had been issued equivalent to a permit for the purposes of section 16?

Of course, the purpose of requiring an immigration visa or re-entry permit is to facilitate the arrival of the immigrant and avoid investigation in verifying the right of the immigrant to admission. It is evidence of his permissive entry. Specific sections of the immigration law and the regulations made thereunder should be read and construed so as to be a useful and effective part of the whole. Lloyd Royal Belge Societe Anonyme v. Elting, 61 F.(2d) 745 (C. C. A. 2). An elaborate system for the identification of arriving immigrants has been established, and immigrants are required to possess, and to present to the immigration officials, immigration visas. Section 13(a), 8 USC § 213(a), 8 USCA § 213(a). An immigrant once lawfully in the country, who is returning from a temporary visit abroad, may present a re-entry permit in place of the visa. Section 13(b), 8 USC § 213(b), 8 USCA § 213(b); paragraph 1, subd. F, and paragraph 2, subd. I, of rule 3, Immigration Rules of January 1, 1930. The visa specifies the nationality of the immigrant, whether he is a quota or nonquota, the date on which the validity of the visa expires, etc. (Section 2(a), 8 USC § 202(a), 8 USCA § 202(a); a photograph must be attached to it (section 2(b), 8 USC § 202(b), 8 USCA § 202(b); and the photograph is also required on the re-entry permit, and, in addition, a description of the color of his eyes and hair and his height, etc., are attached (section 2(b), 8 USC § 202 (b), 8 USCA § 202(b); section 10(c), 8 USC § 210(c), 8 USCA § 210(c).

The failure to have an immigration re-entry permit on arrival may be due to many causes—its nonexistence, loss, unlawful use by another, and perhaps others. The immigration officials would be at a loss as to which. The failure to have it in any case is a failure to comply with the requirements of the immigration law. For the officials to be compelled to make investigation and ascertain the reason for its nonproduction is imposing a burden upon them. Congress intended to avoid this result by section 16 of the 1924 Immigration Act (8 USC § 216 [8 USCA § 216]). In no section of the Immigration Law is provision made for a substitution of any other paper for a re-entry permit or an immigration visa. Either one is sufficient but one or the other is required. Hamburg-American Line v. United States, 291 U. S. 420, 425, 54 S. Ct. 491, 78 L. Ed. 887.

The production of a letter indicating that one had been issued is insufficient. The letter does not specify the necessary facts for identification as the law requires; namely, the immigrant's photograph, his signature, and his physical description. It is but an attempted substitute for the necessary visa or permit and is insufficient within the requirements of the statute.

Judgment reversed.

SWAN, Circuit Judge (dissenting).

The alien for whose transportation the appellee has been fined was a "nonquota immigrant" as defined in section 4 of the Immigration Act of 1924 (8 USCA § 204 (b). He had been previously lawfully admitted to the United States and was returning from a temporary visit abroad. Section 16 imposes a fine for bringing to this country "any immi-

grant who does not have an unexpired immigration visa." 8 USCA § 216. But this must be harmonized with section 13 (8 USCA § 213). Paragraph (a) thereof declares that no immigrant shall be admitted "unless he has an unexpired immigration visa"; and paragraph (b) reads as follows:

"In such classes of cases and under such conditions as may be by regulations prescribed immigrants who have been legally admitted to the United States and who depart therefrom temporarily may be admitted to the United States without being required to obtain an immigration visa."

The regulation in force at the date of the alien's arrival, October 28, 1926, was Executive Order No. 4476, issued July 12, 1926. This provided that immigrants "must present immigration visas," and that aliens previously admitted, who are returning from a temporary visit abroad, "may present, in lieu of immigration visas, permits' to reenter, issued pursuant to section 10 of the Immigration Act of 1924 [8 USCA § 210]." Hence a re-entry permit will serve as a substitute for the immigration visa referred to in section 16. Hamburg-American Line v. United States, 291 U. S. 420, 425, 54 S. Ct. 491, 78 L. Ed. 887.

If the regulation is to be read with absolute literalness, the immigrant must be able to make physical presentation of his document, either visa or permit, on arrival; no excuse will serve, for the Secretary of Labor appears to have no discretion under section 13 (b), 8 USCA § 213 (b), to waive the requirement of the regulation, and can act under 8 USCA § 136 (p) only in case the alien is returning to an unrelinquished domicile of seven consecutive years (see United States v. Trudell, 284 U. S. 279, 52 S. Ct. 143, 76 L. Ed. 291); hence the alien must be excluded and a fine imposed upon the carrier. I cannot believe the regulation should receive so literal a construction. If the immigrant embarks with a visa or permit but loses it during the voyage (in a shipwreck, for example), is he to be excluded and the shipowner to be fined because his document was lost, if competent documentary proof shows that the visa or permit was originally issued? To my mind the answer should obviously be "No." The statute says the immigrant must "have" a visa; I think this is satisfied if one is issued to him, and that the regulation should be interpreted to require him before admission to "present" the issued document, either visa or permit, or some equivalent document showing its original issuance, together with a satisfactory explanation of its loss. This seems to have been the administrative interpretation adopted by the Secretary of Labor in admitting the alien under section 13 (b); otherwise his admission would be in the teeth of the statute and regulation. If such interpretation is permissible in considering the alien's admission, it is equally permissible in considering whether the shipowner incurred the fine. It is, moreover, a reasonable interpretation, since no danger of imposition exists. The alien's application for permit, which includes his photograph and a description of personal characteristics, is on file in the Department of Labor, and makes possible identification as completely as though the permit itself were presented. In my opinion the Commissioner General's letter, together with the application obtained from the Department's files, was the equivalent of the permit, justifying the alien's admission and establishing that no penalty was incurred by the carrier. The judgment should be affirmed.