**LAMPORT & HOLT, Limited, v. ELTING, Collector of Customs.**

**No. 30.**

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1934.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

John M. Lyons, of New York City (J. Alfred Anderson, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The appellee's steamship Voltaire transported a 3 year old alien, who embarked at Santos, Brazil, arriving January 23, 1923, at New York, where it was found that he was suffering from a ringworm of the scalp, a loathsome contagious disease. He was sent to the hospital at Ellis Island. This ringworm condition might have been detected by a competent medical examination at the foreign port of embarkation. His mother testified that her son had ringworm of the scalp about two weeks before sailing. The child was excluded by the board of special inquiry because of this contagious condition, but before deportation was effected the Secretary of Labor admitted the alien.

Subsequently the appellee was informed that, by reason of these facts, it had violated section 26 of the 1924 Immigration Act (8 USCA § 145), and it was given a hearing by the Secretary of Labor. It submitted a protest against the imposition of the fine, alleging that the alien had been given a medical examination and was found not to be suffering from any loathsome contagious disease prior to obtaining his visa. After such hearing, the Secretary of Labor imposed a fine of $1,000, and directed that the passage money be continued on deposit pending the final disposition of the case. The alien was discharged September 19, 1929, from the hospital and is no longer suffering from ringworm, and has been admitted to this country. Thereupon the Secretary of Labor ordered that the passage money be returned to the carrier, but declined to remit the fine. This action followed.

Section 9 of the 1917 Immigration Act, as amended by section 26 of the 1924 Act (8

U. S. C. § 145 [8 USCA § 145]), provides for the imposition of the fine upon a carrier for transporting to this country any alien afflicted with a loathsome or dangerous contagious disease if it appears to the satisfaction of the Secretary of Labor that such condition of the alien could have been detected by means of a competent medical examination at the time of embarkation. But appellee contends that an alien who has suffered from such disease, and is admitted to the United States, is not within this section of the law. No distinction is made in the act between lawful and unlawful admissions. In Lloyd Sabaudo Societa v. Elting, 55 F.(2d) 1048, 1050, we said:

"There is much force to the claim of non-infringement of the statute where the alien is actually permitted to enter notwithstanding his condition. In Dollar Steamship Line v. Elting (C. C. A.) 51 F.(2d) 1035, * * * the question now before us was then expressly left open. * * * The liability to fine of a steamship company for bringing aliens who are admitted was doubted in North German Lloyd v. Elting (C. C. A.) 48 F.(2d) 549; and in Compagnie Generale Transatlantique v. United States (C. C. A.) 51 F.(2d) 1053, we said that, where aliens were admitted, there was 'strong reason' for holding the fine and the return passage money which the statute requires to be collected and given to the excluded alien an indivisible penalty. If the statute be interpreted literally, it may be said that a carrier becomes subject to the penalty for bringing aliens to this country who are suffering from excluding physical or mental defects or disease ascertainable by competent examination at the time of embarkation regardless of their admission through the exercise of lawful discretion when they arrive in this country. Yet, if Congress had so intended, it is reasonable to believe that it would have said so and provided for a fine in instances where there was actual admission without including the return of passage money in the penalty. Surely there could have been no intent to enrich an excludable alien, admitted as an act of grace, at the expense of the carrier. That would have the effect of providing such aliens with free passage to this country whenever they were fortunate enough to secure admission in spite of their disabilities, and to put a premium upon attempts by them to get in under discretionary rulings. In our opinion, the fine and return passage money constitute one indivisible penalty, and that when aliens are actually admitted no penalty for bringing them here may lawfully be imposed under this statute."

A carrier is subject to a fine under section 216(a), 8 U. S. C. (8 USCA § 216(a), for bringing into the United States an alien without a visa even though he was subsequently admitted. Hamburg-American Line v. United States (C. C. A.) 65 F.(2d) 369, affirmed 291 U. S. 420, 54 S. Ct. 491, 78 L. Ed. 887. The opinion of the Supreme Court on the appeal in the Hamburg-American Line v. United States Case, supra, in no way changed the law applicable to the facts in the case now before this court. No principle was there announced which conflicts in any way with the principles this court has previously considered sound in the Lloyd Sabaudo Societa Case, supra. In the Hamburg-American Line Case, the fine was imposed under section 216 (a, b), 8 U. S. C. (8 USCA § 216 (a, b), providing:

"(a) It shall be unlawful for any person * * * to bring to the United States * * * (1) any immigrant who does not have an unexpired immigration visa. * * * (b) If it appears to the satisfaction of the Secretary of Labor that any immigrant has been so brought, such person * * * shall pay to the collector of customs * * * the sum of $1,000 * * * and in addition a sum equal to that paid by such immigrant for his transportation. * * *"

However, section 213(f), 8 U. S. C. (8 USCA § 213(f) provides that "nothing in this section [213] shall authorize the remission or refunding of a fine, liability to which has accrued under section 16 [section 216 of this title]."

This refers to those cases where the Secretary of Labor may admit otherwise excluded aliens to the United States where certain conditions are fulfilled. The Supreme Court decided that, in view of section 213(f), 8 U. S. C. (8 USCA § 213(f), the fine as prescribed in section 216, 8 U. S. C. (8 USCA § 216), was divisible. It should be noted that there is no similar provision relating to section 145 (8 U. S. C.), the statute applicable in the instant case and in the Lloyd Sabaudo Societa Case, supra.

In the Hamburg-American Line Case, supra, the Supreme Court said (page 493 of 54 S. Ct.):

"Equally unavailing is the plea that the fine, as prescribed, is indivisible, and hence that no fine whatever can be imposed where the alien is admitted and the transportation company, for that reason, has not been required to return the passage money. It is true that the requirement of the payment of the passage money is for the benefit of the

alien and the reason for that part of the penalty disappears on the alien's admission. But although admission in certain cases is contemplated by section 13 [8 U. S. C. § 213 (8 US CA § 213)], liability to fine under section 16 [8 U. S. C. § 216 (8 USCA § 216)] is none the less maintained. We think it follows that, in a case of admission, the fine of $1,000 can legally be imposed without requiring payment of the passage money. * * *"

Thus the presence or absence of a provision such as section 213(f), 8 U. S. C. (8 US CA § 213(f), is a determining factor. It follows that the rule announced in the Lloyd Sabaudo Societa Case, supra, has not been overruled by the Hamburg-American Line Case.

 The Secretary of Labor might, in his discretion, admit, under the provisions of section 22 of the 1917 act (8 U. S. C. § 159 [8 USCA § 159]), for the purpose of treatment in the hospital, the wife or minor children of certain aliens. Section 22 provides:

"Such wife or minor children shall be held, under such regulations as the Secretary of Labor shall prescribe, until it shall be determined whether the disorder will be easily curable or whether they can be permitted to land without danger to other persons; and they shall not be either admitted or deported until such facts have been ascertained."

But the alien involved in this appeal was not admitted under the provisions of section 22; for admission under that section applies to minor children of aliens who have taken up permanent residence in this country, or who have been naturalized, and who thereafter sent for their children. The parents of this alien were aliens themselves and had never resided in the United States. Moreover, this alien was suffering from a contagious disease which was not easily curable. He was unlawfully admitted to the country. The act of unlawfully admitting him cannot toll the fine.

 It is argued that within the rule of Lloyd Sabaudo Societa v. Elting (Fusco Case), 287 U. S. 329, 338, 53 S. Ct. 167, 77 L. Ed. 341, the fine was arbitrarily imposed. In this case the foreign doctor's certificate is so general as to be worthless. The record here contained the testimony of the mother that she observed the disease two weeks before embarkation and the child had not been cured. If the mother observed the ringworm of the scalp, it is reasonable to say that the steamship company's inspection should have disclosed it.

Under these circumstances, on review of the evidence on which the Secretary reached his conclusion, we hold that it was insufficient, and the admission of the alien was an unlawful act. Lloyd Sabaudo Societa v. Elting, 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341; San Souci v. Compagnie, etc., 71 F.(2d) 651 (C. C. A. 1).

Judgment reversed.