### YIAKOUMIS v. HALL, City Sergeant, et al.
### GAFOS v. HALL, City Sergeant, et al.
### XAGORARIS v. HALL, City Sergeant, et al.

Nos. 5933, 5934, 5935.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1949.

Decided Nov. 4, 1949.

Burt M. Morewitz and J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on brief), for appellants.

Albert E. Reitzel, Assistant General Counsel, U. S. Immigration and Naturalization Service, Washington, D. C. (George R. Humrickhouse, U. S. Atty., Richmond, Va., and John P. Harper, Asst. U. S. Atty., Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPIE and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals by three alien seamen, Yiakoumis, Gafos and Xagoraris, whose cases were considered by the court below in an opinion reported in 83 F.Supp. 469. These seamen were arrested on January 5, 1949, on warrants for hearing upon the issue as to whether they should be deported for overstaying their time in the United States. They petitioned for writs of habeas corpus and pending the hearing of their petitions were admitted to bail. On January 21, 1949, the court below entered orders as to each of the petitioners that he be allowed to reship on a foreign going vessel and that such reshipment should have the effect of discharging his bail bond. On February 25 the District Judge filed the opinion to which we have referred finding that the petitions for habeas corpus had been prematurely filed and ordering that they be dismissed. On March 9 orders were entered in the case of each of the petitioners that he be remanded into the custody of the immigration authorities, unless before that date he had reshipped foreign as allowed by the prior order, and the case was ordered stricken from the docket. These appeals are from the orders of March 9; but it does not appear that any of petitioners were delivered to the immigration authorities pursuant to these orders or that any effort was made to estreat the bail

bonds. On the contrary, it was admitted at the bar of the court that one of the seamen had departed for France, another for Japan and that the whereabouts of the third was unknown but he was supposed to have shipped for some foreign country. It does not appear that any order of deportation was entered as to any of the three petitioners; and it is clear that nothing that the court might now do could affect them in any way. Under such circumstances the appeals must be dismissed as moot.

Appeals dismissed.