**BROWNELL, Atty. Gen.**
v.
**GUTNAYER.**
No. 11733.

United States Court of Appeals, District of Columbia Circuit.

Argued March 12, 1954.

Decided April 22, 1954.

---

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were on the brief, for appellant. Messrs. Charles M. Irelan, U. S. Atty., Washington, D. C., at time record was filed, and William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time record was filed, entered appearances for appellant.

Mr. Jack Wasserman, with whom Mr. Irving Tranen, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PRETTYMAN, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Section 4 of the Displaced Persons Act of 1948, 62 Stat. 1011, as amended, 64 Stat. 224, 66 Stat. 277, 50 U.S.C.A. Appendix, § 1953, provides that "a displaced person residing in the United States" may apply to the Attorney General for an adjustment of his immigration status, and that "if the Attorney General shall, upon consideration of all the facts and circumstances of the case, determine that such alien has been of good moral character for the preceding five years and that such alien is qualified under the provisions of this section, the Attorney General shall report to the Congress all of the pertinent facts in the case." The term "displaced person residing in the United States" is defined, in substance, as a person who establishes "that he lawfully entered the United States as a non-immigrant", that he is displaced because of events subsequent to the outbreak of World War II, and that he cannot return home because of racial, religious, or political persecution.

It appears without dispute that appellee was admitted to the United States on January 25, 1946 as an accredited official of a foreign government, and that the Attorney General has denied adjustment of his immigration status on the ground that he entered the United States unlaw-

fully in that at the time of his entry he intended to remain here permanently. In this suit, appellee asks a declaratory judgment that he is eligible for relief under the Displaced Persons Act and that he cannot be denied adjustment of status on the ground that he entered the United States unlawfully. The Attorney General appeals from a judgment "that the matter shall be referred back to the Attorney General for a consideration of all the facts and circumstances relevant to the status of the plaintiff under the Displaced Persons Act, but that plaintiff shall not be denied adjustment of status as a displaced person upon the sole ground that he entered the United States unlawfully."

■■■ Appellee's intention to remain permanently in the United States did not make it unlawful for him to enter the United States "as a non-immigrant" on being duly admitted as an accredited official of a foreign government under § 3 of the Immigration Act of 1924, 43 Stat. 154, as then amended, 54 Stat. 711.[1] Cf. United States v. Prince Line, 2 Cir., 1951, 189 F.2d 386. And the Attorney General's discretion under the Displaced Persons Act is subject to judicial review for plain error of law. Cf. McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173; United States ex rel. Accardi, v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499. However, we think the final clause of the appealed judgment should provide only that the plaintiff is not to be denied adjustment of status as a displaced person upon the theory that an intention to remain permanently in the United States made his entry unlawful.

Judgment modified and affirmed.

Affirmed.

---

1. Now 8 U.S.C.A. § 1101(a) (15) (A).