**GARELICK MFG. CO., a corporation, Appellant,**

v.

**C. Douglas DILLON, Secretary of the Treasury, et al., Appellees.**

No. 16812.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 7, 1962.

Decided Jan. 17, 1963.

Mr. William W. Fink, St. Paul, Minn., with whom Mr. Benjamin M. Kail, St. Paul, Minn., was on the brief, for appellant.

Mr. Stanley M. Kolber, Atty. Dept. of Justice, of the bar of Court of Appeals of New York, pro hac vice, by special leave of court, with whom Acting Asst. Atty. Gen., Joseph D. Guilfoyle, and Messrs. David C. Acheson, U. S. Atty., and Alan S. Rosenthal, Atty. Dept. of Justice, were on the brief, for appellee. Mr. Jerry C. Straus, Atty. Dept. of Justice, also entered an appearance for appellees.

Before BAZELON, Chief Judge, BASTIAN, Circuit Judge, and BELL, Circuit Judge for the Fourth Circuit.*

PER CURIAM.

The appellant, Garelick Manufacturing Company, brought this suit for declaratory judgment seeking to set aside a regulation promulgated by the Commandant of the Coast Guard under the authority delegated to him by the Secre-

---

* Sitting by designation pursuant to Sec. 291 (a), Title 28, U.S.Code.

tary of the Treasury under the Federal Boating Act of 1958, 72 Stat. 1754, 46 U.S.C. § 527 et seq.

Garelick is a manufacturer of boating accessories, including plastic identification numerals and letters.

The District Court entered summary judgment for the defendants, and we affirm.

The Act requires numerous small boats heretofore exempt from Federal Regulations to comply with a uniform nationwide system of identification by letter and numerals displayed on the sides of the boats. Garelick has in stock and in dealers' hands a large supply of letters and numerals which it hopes to sell to boat owners. The Act provides (46 U.S.C. § 527a(c)):

> "The Secretary [of the Treasury] shall establish an over-all numbering system ⁎ * *.
>
> "(3) The number awarded shall be required to be painted on, or attached to, each side of the bow of the vessel for which it was issued, and shall be of such size, color, and type, as may be prescribed by the Secretary * * *".

In December of 1958, after notice and hearing, regulations were promulgated in implementation of the Act. These regulations provided, among other requirements, that the letters and numbers should be "* * * in block characters of good proportion * * *", 46 C.F.R. 171.05-5. In June, 1961, the Commandant, having discovered considerable misunderstanding of the 1958 regulations, issued further regulations in which he attempted to clarify the terms used therein. These provided as follows:

> "171.05-6 Definition of terms used in § 171.05-5.
>
> "(c) In § 171.05-5(b) the phrase 'block characters of good proportion' shall mean that the numerals and letters are vertical (not slanted) * * *"

Garelick complains of this regulation because its stock of letters and numerals are not vertical, instead they are slanted twelve degrees off the vertical.

Two issues are raised: Is the regulation interpretive and therefore without the requirement of notice and hearing, and has the Coast Guard abused its discretion?

In the hearing below, upon defendants' motion for summary judgment the basic facts were agreed to by the parties, and samples of the plaintiff's merchandise were exhibited to the Court. In granting defendants' motion, the Court held the regulation of June 1961 to be interpretive in nature and, therefore, exempt from the notice and hearing requirements of 5 U.S.C. § 1003, subsection (a). It further held that the regulation was neither arbitrary nor capricious. We agree with these conclusions. Gibson Wine Co. v. Snyder, 90 U.S.App.D.C. 135, 194 F.2d 329 (1952).

Affirmed.