HOU CHING CHOW

v.

The ATTORNEY GENERAL.

Civ. A. No. 2418–72.

United States District Court,
District of Columbia.

July 6, 1973.

Jack Wasserman, Washington, D. C.,
for plaintiff.

Richard I. Chaifetz, Criminal Div.,
Dept. of Justice, Washington, D. C., for
defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This action seeks review of an administrative decision of the Immigration and Naturalization Service (I.N.S.), and a declaratory judgment that the attempted repeal of an I.N.S. regulation is invalid for failure to comply with the rule-making provisions of the Administrative Procedure Act, 5 U.S.C. § 553. Presently before the Court are Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, and Plaintiff's Cross-Motion for Summary Judgment.

Plaintiff is a doctoral candidate at the University of Missouri and a citizen of Taipei, Taiwan, China. He is presently in the United States on a non-immigrant visa which expires August 11, 1973. Pursuant to Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, on October 9, 1972, Plaintiff Chow submitted an application for adjustment of status from non-immigrant alien to that of alien lawfully admitted for permanent residence. Section 245 authorizes the Attorney General in his discretion to so adjust the status of an alien if (1) the alien makes application for adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved. Generally, an immigrant visa is not available to an alien seeking to enter the United States for the purpose of performing skilled or unskilled labor unless the Secretary of Labor certifies (1) that there are not sufficient workers in the United States to perform such work, and (2) the employment of the alien will not adversely affect the wage and working conditions of United States citizens so employed. 8 U.S.C. § 1182(a)(14).

Prior to August 2, 1972, by decision of the Board of Immigration Appeals,

Matter of Redekop-Rempening, II I & N Dec. 674 (1966), and by administrative regulations 8 C.F.R. 212.8(b)(5) (1972)—promulgated shortly after the Redekop decision, alien students who established that they had sufficient funds to support themselves during their studies without working were not subject to the "labor certificate" provision of 8 U.S.C. § 1182(a)(14). A similar "student exemption" from the labor certificate requirement was set forth in State Department Regulations, 22 C.F.R. 42.91(a)(14)(ii)(f). This meant that alien students with sufficient funds who did not intend to seek employment during their period of study and who sought adjustment of status, were not "[in]eligible to receive an immigrant visa . . ." merely because they had not obtained a labor certificate from the Secretary of Labor.

Shortly before Plaintiff submitted his application for adjustment of status, the State Department, on July 22, 1972,[1] and the Immigration and Naturalization Service, on August 2, 1972,[2] revoked the student exemption. This was done by regulations published without notice and effective immediately. Thereafter, alien students such as Plaintiff, seeking adjustment of status under Section 245 of the Act, have been required to obtain the labor certification described above. When Plaintiff applied for adjustment of status his application was rejected on the ground that he was ineligible for adjustment of status for failure to obtain a labor certificate.

Plaintiff contends that the regulations revoking the student exemption, published without notice and effective immediately, are invalid for failure to comply with the rule making provisions of the Administrative Procedure Act, 5 U.S.C. § 553. He seeks a review of the administrative decision rejecting his application and a declaratory judgment that the attempted repeal of the student exemption is invalid.

---

1. 37 F.R. 14693, July 22, 1972. See 22
C.F.R. § 42.91(a)(14)(ii)(f) (1972).

2. 37 F.R. 15419, August 2, 1972. See 8
C.F.R. § 212.8(b) (1973).

■ Defendant first contends that the Court is without jurisdiction to review the denial of adjustment of status since that decision is one committed to the discretion of the Attorney General. 8 U.S.C. § 1255. The judicial review provisions of the Administrative Procedure Act do not apply to the extent that "agency action is committed to agency discretion." 5 U.S.C. § 701. Yet, as Plaintiff contends, an exercise of discretion is not involved here. Plaintiff's application was not rejected by the Attorney General in the exercise of his discretion; rather his application was returned on the ground that, as a matter of law, Plaintiff was ineligible for adjustment for failure to obtain a labor certificate.[3] That is a question of law properly subject to review here. Brownell v. Gutnayer, 94 U.S.App.D.C. 90, 212 F.2d 462 (1954).

■ Defendant contends that the repeal of regulations allowing the student exemption from labor certification is excepted from the rule-making provisions of the Administrative Procedure Act. The Act states expressly that it does not apply to matters involving the "foreign affairs of the United States."[4] Yet the exception

"is not to be loosely interpreted to mean any function extending beyond the borders of the United States, but only those 'affairs' which so affect relations with other Governments, that, for example, public rule-making provisions would clearly provoke definitely undesirable international consequences."

S.Rep.No. 752, 79th Cong. 1st Sess. (1946). Further, in Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1951), the Supreme Court held the Administrative Procedure Act[5] applicable to deportation proceedings of the Immigration and Naturalization Service. If deportation proceedings do not come within the foreign affairs exemption, most certainly mere adjustment of alien status and labor certification requirements are not so exempt. While the specific effect of *Wong Yang Sung* was overruled by subsequent legislation,[6] there is no indication that the legislation was motivated in any way by Congressional intent to reassert a foreign affairs exemption.[7] The theory of *Wong*

---

3. Initially the Immigration and Naturalization Service simply returned Plaintiff's application with an unelaborated statement that he was "ineligible to apply for permanent residence on a non-preference basis." When Plaintiff's counsel sought an explanation of the reasons for ineligibility, Mr. James F. Greene, Assistant Commissioner of Immigration and Naturalization, wrote a letter setting forth the position that Plaintiff was ineligible for failure to obtain a labor clearance. Defendant's Statement of Material Facts, §§ 6, 7.

4. 5 U.S.C. § 553(a)(1):
   This section applies, according to the provisions thereof, except to the extent that there is involved—
   (1) a military or foreign affairs function of the United States; . . .

5. Wong Yang Sung involved specifically Section 5 of the Administrative Procedure Act, now 5 U.S.C. § 554. Section 5 contains the same foreign affairs exemption present in Section 4, now 5 U.S.C. § 553. "(F)oreign affairs" in Section 5 "is used in the same sense as in Section

4." H.Rep. 1980, 79th Cong., 2d Sess., at —— (1946), U.S.Code Cong.Serv. 1946, p. 1195. See also S.Rep.No.752, 79th Cong., 2d Sess. at 27 (1946).

6. Soon after the Wong Yang Sung decision Congress passed the Supplemental Appropriation Act of 1951, P.L. 81–843, 64 Stat. 1048, which contained a provision expressly exempting deportation proceedings from Sections 5, 7 and 8 of the Administrative Procedure Act. See Marcello v. Bonds, 349 U.S. 302, 305–310, 75 S.Ct. 757, 99 L.Ed. 1107 (1954). This exemption was later modified and included in Section 242 of the Immigration and Nationality Act of 1952, 66 Stat. 209, now codified at 8 U.S.C. § 1252. Section 242 added special procedural requirements for deportation hearings in lieu of the requirements of the Administrative Procedure Act. There was no express exemption from Section 4 of the Administrative Procedure Act.

7. On the contrary, the only Congressional concern evidenced in passing the exemption contained in the Supplemental Ap-

*Yang Sung* remains valid, then, and a firm indication that the foreign affairs exception in the Administrative Procedure Act is not available to the I.N.S. in the present case.[8]

A further problem is presented once it is determined that the foreign affairs exception to the Administrative Procedure Act is unavailable here. That problem stems from the fact that the rule-making provisions of the Act were not followed in the initial promulgation of the "student exemption" regulations. Accordingly, Defendant argues, if the attempted repeal of the regulation was invalid, so also was its initial promulgation. That would leave the matter exactly where Defendant contends it should be, with no "student exemption"

from the labor certification requirement available to Plaintiff. The matter is not quite so simple, however, and bears further examination.

The student exemption[9] from the requirement that aliens seeking adjustment of status obtain a labor certification[10] was originally promulgated by I.N.S. in 1966.[11] The promulgating notice indicated that compliance with the rule-making provisions of the Administrative Procedure Act was "unnecessary in this instance because the rule prescribed by the order is interpretative in nature."[12] If the regulation was in fact merely "interpretative" it would be expressly exempt from the rule-making provisions of the Administrative Procedure Act.[13] Defendant

---

' propriation Act of 1951 was avoidance of the estimated $4 million cost of providing hearing examiners to comply with the Wong Yang Sung decision. H.Rep. No. 2987, 81st Cong., 2d Sess., at 13–14. This reason also prevailed in the subsequent re-enactment of the exemption, plus special procedural requirements, in 1952. See H.Rep. No. 1365, 82nd Cong., 2d Sess., pp. 55–56 (1952). See also, especially, remarks of Senator McCarran, Chairman of the Committee (Judiciary) reporting the 1952 Bill, at 98 Cong.Rec. 5626.

8. The one case cited by Defendant in support of his position, Yiakoumis v. Hall, 83 F.Supp. 469 (E.D.Va.1949), was expressly reversed on the authority of Wong Yang Sung v. McGrath, sub nom. Kokoris v. Johnson, 180 F.2d 355 (4th Cir. 1950); cf. Yiakoumis v. Hall, 177 F.2d 804 (4th Cir. 1949).

9. 8 C.F.R. 212.8(b)(5) (1972), 22 C.F.R. § 42.91(a)(14)(ii)(f) (1972).

10. 8 U.S.C. § 1182(a)(14).

11. 31 F.R. 10021, July 23, 1966. The State Department followed with a similar provision, 31 F.R. 10316, July 29, 1966. The interrelationship of the I.N.S. and the State Department in the promulgation of such regulations and the administration of the statutes here involved is unclear on the present record. It is only the regulations of I.N.S. which are under direct challenge here. Yet I.N.S. purported to rely on the State Department's prior revocation of the student exemption

(Note 1, supra) as grounds for I.N.S.'s failure to provide notice of rule-making when repealing its version of the exemption. To that extent, then, it becomes necessary to examine the State Department's action, to determine if notice by the I.N.S. would in fact have been a meaningless formality and thus exempt from the notice requirement as "good cause." 5 U.S.C. § 553(d)(3).

Both the initial promulgation of the student exemption by the State Department and its subsequent revocation were claimed to be exempt from the Administrative Procedure Act as involving "foreign affairs functions" of the United States. Yet the disposition of this claim as made by I.N.S. Notes 4–8 and accompanying text, supra, applies equally to the State Department. It is the nature of the function, not the name of the agency, which determines the applicability of the Act. I.N.S. cannot, therefore, use the State Department's invalid attempt at repeal as justification for similar action by I.N.S.

12. 31 F.R. 10021.

13. 5 U.S.C. § 553(d):
The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except—
(1) a substantive rule which grants or recognizes an exemption or relieves a restriction;
(2) *interpretative rules* and statements of policy; . . .
(emphasis added)

does not presently rely on such a contention, but the Court finds it necessary to examine the argument.

■■■ While there is a meaningful distinction between interpretative and substantive rules,[14] the Court is not bound by the "label" attached by the administrative agency.[15] The Court must look to such factors as the real effect of the rule, the source authority for its promulgation, and the force and effect which attach to the rule itself.[16] On each of these points the "student exemption" regulation and the regulation revoking it appear to be substantive regulations under the terms of the Administrative Procedure Act. The promulgating notice [17] expressly cited statutory authority for the issuance of regulations by the Attorney General.[18] Such regulations have been repeatedly held to have the full force and effect of law.[19] And, most significantly, this Court finds that the "student exemption" regulation, and especially the revocation of that regulation has a real and substantial effect on the rights of parties such as Plaintiff herein. As such, they are precisely the type of regulations for which Congress intended notice and opportunity to comment, as provided in the rule-making provisions of the Administrative Procedure Act.[20]

■■■ If the original rules are substantive, then, the question arises whether they are invalid *ab initio* for failure to comply with the Act. The answer is that they are not, for another express exemption from the Act authorized their initial promulgation. As a "substantive rule which grants or recognizes an exemption" [21] the original I.N.S. student exemption was excepted from the prior notice and delayed effective date requirements of the Act. There is no corresponding exception, however, for rules revoking an exemption once granted. Revocation, therefore, can proceed only in accord with the rule-making provisions of the Administrative Procedure Act.

Upon the above considerations, and upon consideration of the entire record herein, it is this 5th day of July, 1973,

Ordered, that Plaintiff's Motion for Summary Judgment be and hereby is, granted, and it is

Further ordered, that Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment be and hereby is denied, and it is

14. See K. Davis, Administrative Law Treatise, (1958) § 5.03–.05; id. (1970 Supp.), § 5.03–.04; Gibson Wine Co. v. Snyder, 90 U.S.App.D.C. 135, 194 F.2d 329 (D.C.Cir. 1952), American President Lines, Ltd. v. Federal Maritime Commission, 316 F.2d 419 (D.C.Cir. 1963), Garelick Mfg. Co. v. Dillon, 114 U.S.App.D.C. 218, 313 F.2d 899 (D.C.Cir. 1963).

15. National Motor Freight Traffic Ass'n v. United States, 268 F.Supp. 90, 95–97 (D.D.C.1967), aff'd 393 U.S. 18, 89 S.Ct. 49, 21 L.Ed.2d 19 (1968), Columbia Broadcasting System, Inc. v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942).

16. National Motor Freight Traffic Ass'n v. United States, 268 F.Supp. 90, 95–97 (D.D.C.1967), aff'd 393 U.S. 18, 89 S.Ct. 49, 21 L.Ed.2d 19 (1968), Texaco, Inc. v. F.P.C., 412 F.2d 740, 744–745 (3d Cir. 1969), Pharmaceutical Manufacturers'

Association v. Finch, 307 F.Supp. 858, 863–864 (D.Del.1970), American President Lines, Ltd. v. Federal Maritime Commission, 316 F.2d 419, 421–422.

17. 31 F.R. 10021, July 23, 1966.

18. 8 U.S.C. § 1103.

19. In re Escalona, 311 F.Supp. 648 (D. Guam, 1970), Mastrapasqua v. Shaughnessy, 180 F.2d 999 (2nd Cir. 1950), Lum Sha You v. United States, 82 F.2d 83 (9th Cir. 1936), Hamburg-American Line v. United States, 65 F.2d 369 (2d Cir. 1933), aff'd 291 U.S. 420, 54 S.Ct. 491, 78 L.Ed. 887 (1934), Haff v. Tom Tang Shee, 63 F.2d 191 (9th Cir. 1933).

20. National Motor Freight Traffic Ass'n v. United States, 268 F.Supp. 90, 96–97 (D.D.C.1967), aff'd 393 U.S. 18, 89 S.Ct. 49, 21 L.Ed.2d 19 (1968), Pharmaceutical Manufacturers' Association v. Finch, 307 F.Supp. 858, 863–868 (D.Del.1970).

21. 5 U.S.C. § 553(d), Note 13, supra.

Further ordered, that the revocation of the student exemption, 8 C.F.R. 212.-8(b)(5)(1972), to the labor certificate requirement by regulation promulgated August 1, 1972, 37 F.R. 15419, be and hereby is declared to be contrary to law, 5 U.S.C. § 553, and without effect, and it is

Further ordered, that Plaintiff's application for adjustment of status be and hereby is remanded to the Attorney General for further consideration and processing not inconsistent with the decision entered herein.